**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**APPEAL NO. 25-12618 / 26-11055 (consolidated)**
**DISTRICT COURT CASE NO. 5:25-MC-00001**

TALENTSCALE, INC.,
*Appellant,*

v.

AERY AVIATION LLC, et al.,
*Appellees.*

---

**APPELLANT TALENTSCALE, INC.'S OPPOSITION TO JUDGMENT DEBTOR AERY AVIATION, LLC'S MOTION FOR EXTENSION OF TIME**

Appellant Talentscale, Inc. ("Talentscale") respectfully opposes Judgment Debtor Aery Aviation, LLC's ("Aery") indulgent second request for additional time to respond to Talentscale's opening briefs, the first of which was filed on January 7, 2026.

These consolidated appeals arise solely from Talentscale's efforts to collect a $1,142,467.20 federal judgment entered against Aery on October 9, 2024. Aery does not and cannot challenge the judgment's validity or amount, yet Aery has baselessly paid nothing in the 694 days since the judgment was entered despite ample means to do so. Its tax returns alone reflect $151,105,474 in gross receipts from 2022 through 2024, while the collection record shows substantial ongoing cash flow and tens of millions of dollars of payments to others.

## INTRODUCTION

Two weeks before the already-extended September 2, 2026 deadline, in a conclusory manner, Aery identified workload, onboarding, and purported settlement discussions (which did not exist) as reasons for requesting more time. On August 18, 2026, Talentscale opposed the extension request in writing and Aery's counsel then wrote that his plan was not to seek an extension. Aery nevertheless went back on its statement, waited 16 days until the day its brief was due, and has now moved for another extension. Aery already received a clerk-granted first extension, and this second request is subject to Rule 31-2(d), which provides that a second extension "is extremely disfavored and is granted rarely" and requires "extraordinary circumstances that were not foreseeable at the time the first request was made." 11th Cir. R. 31-2(d). The motion to extend is supported by no declaration and no evidence at all. Aery has not come close to the Court's high standard, given that its principal grounds were known weeks earlier, those grounds are fundamentally insufficient, and the motion is supported by nothing at all.

The motion is both noncompliant and misleading as to Talentscale's opposition. Aery oddly labels the filing "Partially Unopposed" and omits the disclosure required by Rules 26-1 and 27-1(a)(5) that the opposing party has already objected, while fully aware that Talentscale opposes this motion and has made its position clear more than two weeks ago. Further delay benefits only the dilatory and

noncompliant Judgment Debtor, while the prejudice is borne by everyone else, including Appellant, a service-disabled veteran-owned small business. The cycle should end and the Judgment Debtor's motion should be denied.

## BACKGROUND

1. Talentscale is a service-disabled veteran-owned staffing company that supplied personnel to Aery in 2021 and 2022. After Aery failed to pay for those services, Talentscale obtained a $1,142,467.20 federal judgment in the Eastern District of Virginia on October 9, 2024. Aery has paid nothing toward the judgment.

2. Talentscale filed its opening brief in the first appeal on January 7, 2026 and its opening brief in the second appeal on July 1, 2026 [No. 25-12618, ECF 22; No. 26-11055, ECF 22].

3. On July 17, 2026, Appellees obtained an extension by telephone from the Clerk that set Aery's deadline at September 2, 2026 in both matters, with the docket entry reflecting in both consolidated appeals: "Appellee's Brief due on 09/02/2026 as to Appellee Aery Aviation LLC. **Any request for a second or subsequent extension of time shall be subject to 11th Cir. R. 31-2(d).**" [No. 25-12618, ECF 28; No. 26-11055, ECF 26].

4. On August 17, 2026, Aery requested Talentscale's consent to another 30 day extension. Talentscale declined and stated that it opposed any extension for Aery. Ex. A. Two days later, Aery's counsel identified firm workload, the

onboarding of new attorneys, and hoped-for settlement as his reasons, but nevertheless wrote that "my plan is to not join the request for an extension." Ex. B.

5. After Talentscale declined to consent, the attorney for Cogent Bank stated that she was to have surgery the following week and then she was planning to go on vacation. Based on the surgery, Talentscale consented to an extension for Cogent Bank, but Talentscale reiterated its opposition to any extension for Aery.

6. Aery waited until September 2, 2026, the day its brief was due. Mot. ¶ 15. In the motion, Aery repeats the same conclusory and unsupported workload, onboarding, and (nonexistent) settlement discussion grounds that were known last month. Aery's 14-day request is made "[f]or administrative purposes and convenience," Mot. ¶ 15, which does not rise to the "extraordinary circumstances" standard of Rule 31-2(d). Aery also points to Erin McDaniel's purported August 24, 2026 departure from one of its attorneys' firms, despite the fact that a named partner at that same firm stated four days after the purported departure, "As I believe you know, Erin is leaving the firm." Mot. ¶ 9. Ex. C.

7. In both appeals, Aery is represented by three attorneys: Nathan Marc Hernandez of Davis, Burch & Abrams, Erin C. McDaniel of Davis, Burch & Abrams, and Rachel L. Rodriguez of Vires Law Group, PLLC.

## ARGUMENT

**A. Aery's Motion is Categorically Noncompliant and it is also Misleading as to Talentscale's Opposition.**

Eleventh Circuit Rules 26-1 and 27-1(a)(5) require a motion for extension under Rule 26(b) to state that movant's counsel consulted opposing counsel and whether opposing counsel has no objection or will or will not promptly object. In violation of the Court's Rules, Aery failed to provide that required disclosure. Aery knew Talentscale opposed the motion and yet Aery characterized the motion as "Partially Unopposed." Mot. at 1, ¶ 16. Moreover, Aery made a "prediction" that non-party Prudent would not object, but the motion lacks any certification to that effect. Rules 26-1 and 27-1(a)(5) require the movant to give the Court an accurate and fulsome account of the opposing party's position. Aery did not make it clear, as required by the Court's Rules, that Appellant had already objected in writing.

The motion is also deficient under Rule 27(a)(2)(A), which requires the grounds for relief to be stated with particularity. In a filing made on the last day, Aery invokes workload, onboarding, restaffing, and loss of institutional knowledge without identifying what work remained, when brief preparation began, why 14 additional days were required, or why Aery's remaining counsel could not complete the brief. To the extent Aery relies on facts outside the record to establish the requisite extraordinary circumstances, it supplies no affidavit or other supporting evidence whatsoever. See Fed. R. App. P. 27(a)(2)(B)(i). See also 11th Cir. R. 27-

1(a)(3). Accordingly, Aery provided no evidence in support of its motion, which requires extraordinary circumstances, and the motion should therefore be denied.

Only one of three of Aery's attorneys of record even signed the motion. While multiple signatures are not necessarily required, the absence of any corroboration or concurrence set forth by two of Aery's three attorneys speaks volumes. The filing deadline belongs to Aery, not solely to its most junior lawyer. Neither of Aery's two other attorneys of record provides any substantiation for the notion that the Judgment Debtor, which receives tens of millions of dollars in income and flouts payment of a federal judgment owed to Appellant, lacked counsel to finish and file the brief.

Filing the motion on September 2, 2026 did not suspend Aery's briefing deadline. Eleventh Circuit Rule 31-1(c) provides that, except for specified motions not applicable here, "a pending motion does not postpone the time for serving and filing any brief." Aery therefore chose to wait until the last day of an already-extended deadline to file a motion that afforded it no automatic extension. Aery's flimsy rationale matches its baseless failure to make any payments whatsoever on the open judgment for the past 694 days. Aery is out of time.

### B. Aery's Last-Minute Second Request is Noncompliant with Rule 31-2(d)'s Extraordinary-Circumstances Standard.

Rule 31-2(a) provides that a request made after any first request under subsection (a) has been granted "shall be subject to 11th Cir. R. 31-2(d)." 11th Cir. R. 31-2(a). Rule 31-2(c), relating to a first request for an extended deadline date,

provides that motions filed within seven days of the deadline will be denied unless the asserted good cause "did not exist earlier" or "with due diligence could not have been known earlier or communicated to the court earlier." 11th Cir. R. 31-2(c). Aery presented no good cause at all and waited until the deadline itself, even though this second request is subject to Rule 31-2(d)'s stricter standard. Second extensions are "extremely disfavored," "granted rarely," and permitted only upon "extraordinary circumstances" that were not foreseeable when the first request was made. 11th Cir. R. 31-2(d).

Aery cannot satisfy that standard with circumstances it knew about before the deadline. By August 19, 2026, counsel had already identified workload, onboarding, and purported settlement discussions as reasons for more time, yet wrote that "my plan is to not join the request for an extension." Ex. B. The length of Talentscale's briefs and the issues on appeal were equally known. The first opening brief was filed January 7, 2026, the second was filed July 1, 2026, and Aery had already received one extension. Those ordinary and longstanding features of the case are clearly not unforeseeable extraordinary circumstances. The motion should be denied.

### C. Aery's Request is Supported by No Declaration and No Evidence at All, Including No Showing that its Other Two Attorneys of Record Could Not File the Brief.

The purported departure of one of Aery's three attorneys of record did not leave Aery unrepresented. Aery's own filing identifies Nathan Hernandez as

appellate counsel and Rachel Rodriguez as trial counsel in addition to McDaniel, who has not moved to withdraw. On August 28, 2026, a named partner of the firm stated that McDaniel "is leaving" the firm, not that "McDaniel left" the firm. Ex. C. Aery had multiple attorneys of record, and several more attorneys, including the two named partners at the firm, to address any redistribution of other cases which apparently received priority over this appeal. None of the numerous attorneys who have represented this Judgment Debtor submitted a declaration even though all of them could have done so.

### D. Cogent's Separate Extension, Based on Surgery, Does Not Supply Cause For Aery.

Talentscale's consent to Cogent Bank's request, due to Cogent's counsel's scheduled surgery, did not create cause for Aery. Rule 31-2(d) requires Aery to make its own showing of extraordinary circumstances that were unforeseeable when it obtained its first extension. Cogent obtained relief on a separate showing. Aery cannot co-opt a second extension for itself merely because it feels that matching deadlines would be administratively convenient. Aery's pattern has been delay for the past 694 days while the judgment has remained completely unpaid.

### E. Further Delay Harms the Service-Disabled Veteran Judgment Creditor and the Court and It Rewards the Noncompliant Judgment Debtor.

Aery has baselessly paid nothing toward the open $1,142,467.20 judgment for 694 days since October 9, 2024. Aery's tax returns reflect $151,105,474 in gross

receipts from 2022 through 2024 alone, while the record in these collection proceedings showed more than $11.7 million in transfers to Aery's controlling member, affiliated entities, and assets that benefited him. See, e.g., L.T. 5:25-MC-00001, ECF 209 at 7-10. Cogent's January 27, 2026 affidavit also showed $1.02 million of unused credit under Aery's facility, approximately the amount of the judgment. ECF 193 ¶ 22; ECF 209 at 30. Aery has the means to pay and should have paid long ago, yet it has forced a service-disabled veteran-owned small business to spend years pursuing arbitration, subpoenas, garnishment, and appellate relief to collect an undisputed judgment.

The Supreme Court has recognized that "A court's dignity derives from the respect accorded its judgments." *Degen v. United States*, 517 U.S. 820, 828 (1996). Aery's prolonged nonpayment makes additional delay more prejudicial. The Judgment Debtor continues to operate and pay other obligations while Talentscale remains unpaid. The Court's Rules are in place for this very circumstance. The Judgment Debtor's motion should be denied.

## CONCLUSION

The Court should deny Aery's motion for extension of time.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase
Florida Bar No. 17661
kchase@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 402-9800

*Counsel for Plaintiff /Appellant*
*Judgment-Creditor Talentscale, Inc.*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION, TYPEFACE
## REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

I hereby certify that this Response complies with the 5,200-word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,969 words.

I further certify that this Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in Microsoft Word for Microsoft 365 using 14-point Times New Roman, a proportionally spaced typeface.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 3, 2026 which automatically sends notice to all counsel or parties of record.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase

# EXHIBIT A

**From:** Kenneth E. Chase
**To:** "Nathan Hernandez"
**Cc:** mellok@gtlaw.com; cbeall@mhw-law.com; noelle.pankey@akerman.com; emead@mhw-law.com; Gabrielle Glass; Darren D. Sturges
**Subject:** RE: Motion for Extension of Appellee Brief Deadline - Talentscale v. Aery et al.
**Date:** Tuesday, August 18, 2026 4:35:00 PM
**Attachments:** image001.png

---

Nathan,

Your client already had an extension, as well as seven months of lead time, to draft its brief.

It has been nearly two years since the federal judgment was entered and Aery has not paid a dime. You did not provide any good cause for the extension request, and you don't represent Cogent as far as I know.

Extensions are disfavored. Payment is overdue. The judgment needs to be paid.

We respectfully oppose.

Thank you.

**Kenneth E. Chase**
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

**Boca Raton Office**
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

On Mon, Aug 17, 2026 at 10:18 AM Nathan Hernandez

<nathan.hernandez@davisba.com> wrote:

> Good morning, Ken,
>
> I hope you've been well.  I'm reaching out because Aery and Cogent plan on filing a joint motion to extend their appellee brief deadline by an additional 30 days, and I wanted to see if you would be willing to consent to the motion (or at the very least, not oppose it).  Prudent's counsel has indicated they will not oppose our motion. We plan to file the motion soon, so if you could let us know your position when you're able, I would greatly appreciate it so we can let the Court know whether it should expect to receive an opposition brief from Talentscale.
>
> Respectfully,
>

> **Nathan M. Hernandez, Esq.**
> **DAVIS | BURCH | ABRAMS**
> 555 Belaire Avenue, Suite 340 | Chesapeake, Virginia | 23320
> Office: (757) 410-2293, ext. 707 | Fax:  (757) 257-8614
> www.DavisBA.com

# EXHIBIT B

| | |
|---|---|
| **From:** | Nathan Hernandez |
| **To:** | Kenneth E. Chase |
| **Cc:** | kellerc@gtlaw.com; MelloK@gtlaw.com; cbeall@mhw-law.com; emead@mhw-law.com; gabi.glass@davisba.com; Darren D. Sturges |
| **Subject:** | Re: Motion for Extension of Appellee Brief Deadline - Talentscale v. Aery et al. |
| **Date:** | Wednesday, August 19, 2026 10:28:51 AM |
| **Attachments:** | image001.png<br>image002.png |

Hi Ken,

My reasons for an extension are similar to Kim's. I don't have a medical necessity. Rather, things have been unusually busy on the litigation side of our firm, and we've also been in the process of onboarding several new attorneys, which has involved some training on my end that has taken away from my ability to attend to my case load, and we're still working through divvying up responsibilities among the new hires. I also understood that trial counsel were engaged in settlement discussions, which we had hoped would reach a global resolution to the parties' various disputes.

Unless you indicate that you'll be willing to extend the professional courtesy to me as well pretty soon, my plan is to not join the request for an extension. I don't want to hold Kim up, and I don't think it makes sense to bring a motion before the Court that is partially disputed and partially unopposed.

**Nathan M. Hernandez, Esq.**
**DAVIS | BURCH | ABRAMS**
555 Belaire Avenue, Suite 340 | Chesapeake, Virginia | 23320
Office: (757) 410-2293, ext. 707 | Fax: (757) 257-8614
www.DavisBA.com

On Wed, Aug 19, 2026 at 7:05 AM Kenneth E. Chase <kchase@chaselaw.com> wrote:

> Courtney, your email last night after we stated our opposition was the first mention of your surgery and vacation. In light of your surgery on August 24, Talentscale consents to a 14-day extension of Cogent's brief, through September 16. Wishing you a speedy recovery. Talentscale does not consent to any extension for Aery, which has identified no basis of its own.
>
> Appellees have already obtained one extension, and Talentscale filed its initial brief more than seven months ago.
>
> Any motion should state Talentscale's position accurately, which is consent to 14 days for Cogent's brief, opposition to all other relief. If Appellees seek more, Talentscale will oppose and will provide the Court with this correspondence.
>
> Thank you.

**Kenneth E. Chase**

Chase Law & Associates, P.A.

t 305.402.9800

kchase@chaselaw.com

**Boca Raton Office**

951 Yamato Road, Suite 280

Boca Raton, FL 33431

FLORIDA | CALIFORNIA

WASHINGTON, DC | NEW YORK

MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

CHASE LAW
& ASSOCIATES, P.A.

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

---

**From:** kellerc@gtlaw.com <kellerc@gtlaw.com>
**Sent:** Tuesday, August 18, 2026 6:22 PM
**To:** MelloK@gtlaw.com; nathan.hernandez@davisba.com; Kenneth E. Chase

<kchase@chaselaw.com>
**Cc:** cbeall@mhw-law.com; emead@mhw-law.com; gabi.glass@davisba.com; Darren D. Sturges <dsturges@chaselaw.com>
**Subject:** RE: Motion for Extension of Appellee Brief Deadline - Talentscale v. Aery et al.

Ken, another reason that Cogent needs an extension is that I am scheduled for surgery on Monday, August 24th, and will be taking a vacation following that recovery until September 8th—which vacation has already been paid. We could really use the time here given the personal and work commitments that Kim and I both are experiencing right now.

**Courtney Keller**
Co-Managing Shareholder

Greenberg Traurig, P.A.
450 So. Orange Avenue | Suite 650 | Orlando, FL 32801
T +1 407.254.2610 | F +1 407.841.1295
kellerc@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Mello, Kimberly A. (Shld-ORL-APP) <MelloK@gtlaw.com>
**Sent:** Tuesday, August 18, 2026 6:00 PM
**To:** Nathan Hernandez <nathan.hernandez@davisba.com>; Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** Beall, Charles (Moore, Hill & Westmoreland - Pensacola, FL) <cbeall@mhw-law.com>; emead@mhw-law.com; Gabrielle Glass <gabi.glass@davisba.com>; Darren D. Sturges <dsturges@chaselaw.com>; Keller, Courtney M. (Shld-ORL-LT) <kellerc@gtlaw.com>
**Subject:** RE: Motion for Extension of Appellee Brief Deadline - Talentscale v. Aery et al.

Hi Ken,

I would greatly appreciate your professional courtesy in this matter to allow us an additional 30 days to file the brief.

While I understand that this appeal has been pending for some time, that was largely due to the jurisdictional issue that the Court took months to rule on. There was no reason for us to be working on a brief while that jurisdictional issue was pending.

Since we obtained the over the phone extension, it is my understanding that settlement efforts were being made and, candidly, our client was hopeful that some resolution could be reached. That has not occurred. This month has been extremely busy for me, and I have a Second Circuit brief due on September 2nd as well as a federal administrative appeal that is due on August 30th. I have also had work related to a jurisdictional brief in the Ohio Supreme Court and another federal administrative appeal that was filed last week.

I know the rules disfavor second extensions but if you consent, I am confident the Court will grant the request. I understand your client's position in this case but am asking that you consent as a professional courtesy.

Please let me know your position.

Thank you,

Kim

**Kimberly Mello**
Shareholder

Greenberg Traurig, P.A.
450 So. Orange Avenue | Suite 650 | Orlando, Florida 32801
T +1 407.418.2402 | F +1 407.420.5909
MelloK@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Nathan Hernandez <nathan.hernandez@davisba.com>
**Sent:** Tuesday, August 18, 2026 4:43 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** Mello, Kimberly A. (Shld-ORL-APP) <MelloK@gtlaw.com>; Beall, Charles (Moore, Hill & Westmoreland - Pensacola, FL) <cbeall@mhw-law.com>; noelle.pankey@akerman.com; emead@mhw-law.com; Gabrielle Glass <gabi.glass@davisba.com>; Darren D. Sturges <dsturges@chaselaw.com>
**Subject:** Re: Motion for Extension of Appellee Brief Deadline - Talentscale v. Aery et al.

***EXTERNAL TO GT***

Thank you for your response.  Given your statement that I did not provide good cause, would it be helpful if you saw a draft of the joint motion before we file?  We address that point in the motion itself.  Of course, Courtney would need to agree to provide it to you, but I thought I'd ask in case you may think that could change your mind.  If not, just let us know, and we'll proceed with filing on behalf of our respective clients.

**Nathan M. Hernandez, Esq.**

**DAVIS | BURCH | ABRAMS**

555 Belaire Avenue, Suite 340 | Chesapeake, Virginia | 23320

Office: (757) 410-2293, ext. 707 | Fax:  (757) 257-8614

www.DavisBA.com

On Tue, Aug 18, 2026 at 4:35 PM Kenneth E. Chase <kchase@chaselaw.com> wrote:

> Nathan,
>
> Your client already had an extension, as well as seven months of lead time, to draft its brief.
>
> It has been nearly two years since the federal judgment was entered and Aery has not paid a dime. You did not provide any good cause for the extension request, and you don't represent Cogent as far as I know.
>
> Extensions are disfavored. Payment is overdue.  The judgment needs to be paid.
>
> We respectfully oppose.
>
> Thank you.

**Kenneth E. Chase**

Chase Law & Associates, P.A.

t 305.402.9800

kchase@chaselaw.com

**Boca Raton Office**

951 Yamato Road, Suite 280

Boca Raton, FL 33431

FLORIDA | CALIFORNIA

WASHINGTON, DC | NEW YORK

MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

CHASE LAW
& ASSOCIATES, P.A.

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

On Mon, Aug 17, 2026 at 10:18 AM Nathan Hernandez <nathan.hernandez@davisba.com> wrote:

> Good morning, Ken,

I hope you've been well.  I'm reaching out because Aery and Cogent plan on filing a joint motion to extend their appellee brief deadline by an additional 30 days, and I wanted to see if you would be willing to consent to the motion (or at the very least, not oppose it).  Prudent's counsel has indicated they will not oppose our motion.  We plan to file the motion soon, so if you could let us know your position when you're able, I would greatly appreciate it so we can let the Court know whether it should expect to receive an opposition brief from Talentscale.

Respectfully,

**Nathan M. Hernandez, Esq.**

**DAVIS | BURCH | ABRAMS**

555 Belaire Avenue, Suite 340 | Chesapeake, Virginia | 23320

Office: (757) 410-2293, ext. 707 | Fax:  (757) 257-8614

www.DavisBA.com

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# EXHIBIT C

| | |
|---|---|
| **From:** | Justin Burch |
| **To:** | Kenneth E. Chase |
| **Cc:** | Rachel Rodriguez; Darren D. Sturges; Amy Heidmann; Jeff Lascara; Erin McDaniel |
| **Subject:** | PHV Middle District re: Talentscale v. Beale, et al. |
| **Date:** | Friday, August 28, 2026 2:25:07 PM |

Ken,

As I believe you know, Erin is leaving the firm. As a result, I intend to move the Court to enter an appearance pro hac vice, along with my colleague Jeff Lascara.

Middle District of Florida Local Rule 3.01(g) requires that I confer with opposing counsel regarding our forthcoming motions.

Please advise whether you consent.

Thank you,

**Justin R. Burch**
**DAVIS | BURCH | ABRAMS**
555 Belaire Avenue, Suite 340 | Chesapeake, Virginia | 23320
Office: (757) 410-2293 | Fax: (757) 257-8614
www.DavisBA.com

**This email message and any attachments are confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work-product or otherwise protected by applicable law. If you received this message in error, please notify the sender at 757-410-2293 and delete this message.**